# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2021

Lyle W. Cayce
Clerk

No. 21-60397
Summary Calendar

Kenneth Warren Sauter,

*Petitioner—Appellant*,

*versus*

Commissioner of Internal Revenue,

*Respondent—Appellee*.

Appeal from a Decision of the
United States Tax Court
No. 18389-19

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Kenneth Sauter appeals the tax court's order granting summary judgment in favor of the Internal Revenue Service ("IRS"). Sauter's primary contention is that the $85,106 he failed to report on his 2016 tax

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

return was nontaxable income.  The tax court concluded that this argument was frivolous and imposed a $2500 penalty.  We AFFIRM.

We review the tax court's grant of summary judgment de novo. *MoneyGram Int'l, Inc. v. Comm'r*, 999 F.3d 269, 273 (5th Cir. 2021).  With respect to the motion for sanctions, we review that decision for abuse of discretion.  *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006) (per curiam).

Here, Sauter does not dispute that he received $85,106 from a third party, Alma Products, as compensation for his engineering design work.  He maintains, however, that he was not required to report this income, making several arguments based on his own interpretation of the Internal Revenue Code.  He primarily asserts that the income in question was nontaxable because Internal Revenue Code § 7701(a)(26) defines a "trade or business" as "includ[ing] the performance of the functions of a public office" and that definition must necessarily exclude compensation for an "engineering design."[1]

Sauter presented a virtually identical argument regarding his 2015 tax return in a prior case before this court.[2]  We previously concluded that Sauter's argument was "frivolous and without merit."  *Sauter v. Comm'r*, 773 F. App'x 188, 189 (5th Cir. 2019) (per curiam).  Again, we reach the same conclusion.  The Internal Revenue Code is clear that: (1) "gross income" is "all income from whatever source derived, including . . . [c]ompensation for

---

[1] Sauter maintains that "[o]nly what is within the meaning of 'performing the functions of a public office' can be legally classified as a trade or business for tax purposes." He fails to cite any authority supporting this proposition.

[2] There are only two meaningful differences between his 2015 and 2016 tax return interpretative arguments: (1) the amount of money claimed as nontaxable, and (2) the relevant tax year.

services"; and (2) "'includes' and 'including' when used in a definition 'shall *not be deemed to exclude* other things otherwise within the meaning of the term defined.'" *Id.* (emphasis added) (quoting I.R.C. §§ 61(a), 7701(c)). Because Sauter admitted to receiving compensation for his engineering design work, which is not excluded from taxable income, there is no genuine dispute of material fact as to the interpretation issue. [3]

As for Sauter's $2500 sanction, as we have previously noted, "a party who continues to advance long-defunct arguments invites sanctions." *Stearman*, 436 F.3d at 538. Under the circumstances, it should be no surprise to Sauter that he was eventually sanctioned. Indeed, he had been warned of the possibility of penalties multiple times, and he had been put on notice that his arguments were frivolous by this very court. We therefore conclude that the tax court did not abuse its discretion in sanctioning Sauter. Sauter is warned that continuing to assert frivolous defenses to tax obligations may lead to additional sanctions.

AFFIRMED.

---

[3] The other arguments presented are similarly frivolous, so we do not address them further.